**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                             :
TRICO DEVELOPMENT ASSOCIATES :
LIMITED PARTNERSHIP,         :
                             :   CIVIL ACTION NO. 10-2847 (MLC)
     Plaintiff,              :
                             :   MEMORANDUM OPINION
     v.                      :
                             :
O.C.E.A.N., INC.,            :
                             :
     Defendant.              :
_____:
```

**COOPER, District Judge**

The plaintiff, Trico Development Associates Limited
Partnership ("Trico"), commenced this action in New Jersey
Superior Court alleging breach of contract by the defendant,
O.C.E.A.N., Inc. ("Ocean"), arising from the sale of an apartment
complex.  (Dkt. entry no. 1, Notice of Removal.)  Ocean then
filed a Third-Party Complaint against the United States of
America ("United States").  (Notice of Removal, Ex. A, Third-
Party Complaint.)  The United States removed the action pursuant
to 28 U.S.C. § 1442 on June 4, 2010.  (Notice of Removal.)  The
United States now moves to dismiss the Third-Party Complaint
pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1).
(Dkt. entry no. 6, Mot. to Dismiss.)  Ocean opposes the motion.
(Dkt. entry no. 7, Ocean Br.)  The Court determines the motion on
the briefs without an oral hearing, pursuant to Rule 78(b).  For
the reasons stated herein, the Court will grant the motion,

dismiss the Third-Party Complaint, and remand the remainder of the action to state court.

**BACKGROUND**

Trico entered into a contract to sell the Emerald Terrace apartment complex ("Emerald Terrace") to Ocean.  (Dkt. entry no. 6, United States Br. at 2.)  Emerald Terrace was subject to a program operated by the Rural Development Agency of the United States Department of Agriculture ("USDA").  (Id. at 2-3.)  Trico alleges that Ocean prepared a proposed contract for purchasing Emerald Terrace in April 2008, and that the final sales contract was executed in August 2009.  (Id. at 3.)  Trico alleges that at the time of the execution, Ocean was aware of a settlement agreement between Trico and the United States that would allow the USDA to foreclose upon the apartment complex if closing did not occur.  (Id.)

Trico alleges that in December 2009, two days prior to closing, Ocean informed Trico that the closing would not occur unless Trico credited Ocean with $115,843.  (Id.)  The Complaint against Ocean alleged five counts including breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, and intentional misrepresentation. (Id. at 3.)

Ocean then filed the Third-Party Complaint against the United States alleging that the USDA advised Ocean that it would

not approve the closing of title unless Trico paid Ocean $115,8343 to perform certain repairs.  (Id.)  Ocean alleges that as a result of the USDA's conduct, it has suffered financial losses, expenses, and attorney's fees.  (Id. at 4.)


**DISCUSSION**

**I.   Rule 12(b)(1) Standard**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed.R.Civ.P. 12(b)(1). Such motion may be made at any time.  Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  Id. at 438.  Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint.  Iwanowa, 67 F.Supp.2d at 438.  Under this standard, "no presumptive truthfulness attaches to plaintiff's

allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims." Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993). The Court may consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438. The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (explaining that a defendant may factually attack subject matter jurisdiction before filing an answer); see Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

## II.  Legal Standards for Ocean's Causes of Action

### A.    Sovereign Immunity and the Federal Tort Claims Act

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (citation omitted). Further, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Id. (citation omitted). Sovereign immunity, therefore, deprives a court of subject matter

4

jurisdiction over a claim against the United States unless a statute grants an express waiver of immunity.  <u>United States v. Bein</u>, 214 F.3d 408, 412 (3d Cir. 2000) (asserting "federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit"); <u>Perez v. United States</u>, No. 06-1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007) (noting "[a]bsent a specific waiver of sovereign immunity[,] the courts lack subject matter jurisdiction over claims against the federal government").

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for claims against the United States seeking monetary damages where the injury results from a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1); <u>Perez</u>, 2007 WL 1489816, at *1.

The FTCA has explicit exceptions to its waiver of sovereign immunity.  "Should one of the exceptions apply, then the bar of sovereign immunity remains." <u>Perez</u>, 2007 WL 1389816, at *1.  One such exception provides that the United States retains sovereign immunity against "[a]ny claim arising out of . . . interference with contract rights."  28 U.S.C. § 2680(h).  Thus, the FTCA

5

specifically preserves the sovereign immunity of the United
States with respect to these types of claims.

    **B.   Tucker Act**

    Pursuant to the Tucker Act, the Court of Federal Claims has
exclusive "jurisdiction to render judgment upon a claim against
the United States . . . founded upon any express or implied
contract with the United States" seeking over $10,000.  28 U.S.C.
§ 1491(a)(1).

## III. Current Motion

    The United States contends that Ocean's claims against it
should be dismissed for lack of subject matter jurisdiction.
(United States Br. at 5.)  It first states that any claims for or
related to tortious interference with contractual relations are
barred by the FTCA.  (Id. at 6.)[1]  It contends that the FTCA
preserves sovereign immunity for claims of and arising out of
intentional interference with contract rights.  (Id.)  The United
States contends that Ocean's claims thus fall within this
exception to the FTCA because they relate to a claim for tortious
interference with contractual relations.  (Id. at 7.)

    The United States further contends that the cause of action
for contribution should be dismissed because the Court also lacks
jurisdiction to consider a contribution claim against the United

---

[1] It appears that Ocean is asserting a claim for tortious
interference with contractual relations.  (United States. Br. at
7.)

States.  (Id. at 8.)  It states that pursuant to the Tucker Act,
the Court of Federal Claims has exclusive jurisdiction in
contract claims against the United States seeking more than
$10,000.  (Id.)  It contends that Ocean is seeking contribution
for any liability for breach of contract, and as such, the
contribution claim rests entirely on the breach of contract and
related claims.  (Id.)

The United States further argues that the Third-Party
Complaint must be dismissed under the doctrine of derivative
jurisdiction.  (Id. at 11.)  It states that this doctrine
provides that if a state court lacks jurisdiction over the
subject matter or the parties, the federal court also lacks
jurisdiction even though the suit might have originally been
brought there.  It contends that this doctrine results in the
dismissal of removed actions that were within the exclusive
jurisdiction of the federal courts because the state court where
the action was filed lacked jurisdiction.  (Id.)  It contends
that the state court did not have jurisdiction over the Third-
Party Complaint because there was no waiver of sovereign immunity
that would permit Ocean to prosecute its claims against the
United States in state court.  (Id. at 12.)  It states that, as
such, the Court now lacks removal jurisdiction.

Ocean opposes the motion arguing that this matter arises
from a prior matter, Briarwood v. United States, 02-5453.  (Dkt.

7

entry no. 7, Ocean Br. at 1.)  It contends that in that matter, a settlement was reached, and that settlement consists of the contract of sale at issue here.  (<u>Id.</u> at 2.)  It contends that because the present litigation flows directly from this earlier matter, this Court has jurisdiction.  (<u>Id.</u>)  Ocean further notes that it would not object to transferring the matter to the Court of Federal Claims.  (<u>Id.</u> at 3.)

Ocean further contends that sovereign immunity cannot be applied when the underlying matter has already been litigated to a conclusion in the district court.  (<u>Id.</u> at 3.)  Ocean also "concedes [that] it is difficult to determine the exact theory under which [it] seeks to hold the United States liable," and states that because of this difficulty, Ocean's claims should be preserved.  (<u>Id.</u> at 4.)  Ocean states that the Court "must preserve the claim for a fuller airing" but fails to identify the specific claim.  (<u>Id.</u>)

Ocean's final argument is that the doctrine of derivative jurisdiction does not apply because the district court previously exercised and partly retained jurisdiction over the same parties and subject matters.  (<u>Id.</u> at 5.)

The Court will interpret Count 1 and Count 2 to allege intentional interference with contractual relations.  See <u>Sash v. United States</u>, No. 09-2074, 2010 WL 1529825, at *5 (D.N.J. Apr. 14, 2010) (reading claims as intentional infliction of emotional

distress when plaintiff failed to explicitly state causes of
action).  As these claims allege interference with the sales
contract, they are not permitted under the FTCA and should be
dismissed.  Ocean's arguments against dismissal are unpersuasive.
Ocean "bears the burden of showing an unequivocal waiver of
immunity."  Thomas v. United States, No. 05-332, 2007 WL 3231786,
at *6 (D.N.J. Oct. 30, 2007) (citation omitted).  Ocean's
assertion that the Court has jurisdiction pursuant to an order
governing a settlement agreement in a different matter does not
demonstrate unequivocal waiver of immunity.  The earlier order
that Ocean relies on stated that the Court would retain
jurisdiction over the separate matter "if any party shall move to
set aside this Order of Dismissal as provided in the second
paragraph or pursuant to the provisions of [Rule] 60(b) . . . to
the extent necessary to enforce the terms and conditions of any
settlement entered into between the parties."  (Ocean Br., Ex. 1,
8-2-07 Order).  This cannot be said to be an unequivocal waiver
of sovereign immunity as the order related only to that
settlement and the claims in the earlier matter did not mirror
the claims at issue here.  As such, the Court will dismiss the
claims for interference with the contract.

     The Court will also dismiss the contribution claim, because
insofar as it is asserted by Ocean, it similarly rests upon a
theory of tortious interference as to which the United States has

not waived sovereign immunity.  The contribution claim cannot stand because the "United States has not waived its sovereign immunity on the underlying claim[s]." See, e.g., Alexander v. Keystone Credit Union, No. 94-463, 1994 WL 314319, at *2 (E.D. Pa. June 28, 1994).[2]

### CONCLUSION

The Court, for the reasons stated supra, will grant the motion to dismiss, dismiss the Third-Party Complaint, and remand the remainder of the action to state court.


                                    s/Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge



Dated:     September 7, 2010

---

[2] In so ruling, we express no opinion as to whether plaintiff, Trico, would have any claims or avenues of redress against the United States in the circumstances.

10